**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  9/28/2021

------------------------------------------------------------------x
**Andre Buriti De Melo et al.**,                                   :
                                                                   :
                                          **Petitioners,**         :
                                                                   :           **20-CV-2643-ALC**
                              **-against-**                        :
                                                                   :           <u>**Opinion and Order**</u>
**Director Thomas Decker,** *in his official capacity as*          :
*Director of the New York Field Office of U.S.*                    :
*Immigrations & Customs Enforcement*, **et al.,**                  :
                                                                   :
                                          **Respondents.**         :
------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

The Government moves to dismiss a petition for writ of habeas corpus, pursuant to 28

U.S.C. § 2241, submitted by Petitioner Jose Velesaca ("Petitioner" or "Velesaca"), for lack of

subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the

reasons stated herein, the Government's motion to dismiss is **GRANTED**.


## BACKGROUND

### I. Factual Background[1]

Mr. Jose Velesaca is an Ecuadorian citizen and has lived in the United States since 2007.

Pet. ¶ 49. It is unknown when and from where he originally entered the country.[2] Naquan

Bacchus Decl. ¶ 3. He has two children and suffers from diabetes, hypertension, and post-

---

[1] The facts regarding Mr. Jose Velesaca's criminal and civil immigration history are largely summarized from the Government's Motion to Dismiss, including the accompanying declaration from Immigration and Customs Enforcement ("ICE") Deportation Officer Naquan Bacchus. Petitioner does not dispute Velesaca's criminal and civil immigration history as written in the Government's papers.

[2] Naquan Bacchus was a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS") who prepared a declaration in connection with the Government's motion to dismiss the Petition based upon "[his] knowledge of Velesaca's case, [his] review of his administrative file, consultation with [his] colleagues, and ICE electronic records and databases." Bacchus Decl. ¶ 2.

traumatic stress disorder ("PTSD"). Pet. ¶ 10, 49. Diabetes is one of the underlying conditions that makes patients more susceptible to COVID-19 complications. Pet. ¶ 49.

On November 24, 2014, Velesaca was arrested and charged with several violations of the New York Vehicle and Traffic Law ("VTL"). Bacchus Decl. ¶ 4. On February 17, 2015, he pled guilty to Operation of an Unregistered Vehicle in violation of VTL § 401(1a) and was sentenced to pay a $75 fine. Bacchus Decl. ¶ 4. On June 19, 2016, Velesaca was arrested and charged again with violating the VTL and, five months later, pled guilty to Aggravated Driving While Intoxicated in violation of VTL § 1192(2-AA). Bacchus Decl. ¶ 5. His license was revoked for a year, and he was sentenced to a one-year conditional discharge and to pay a $1,000 fine. Bacchus Decl. ¶ 5. On May 26, 2019, Velesaca was arrested and charged a third time for violating the VTL and, on October 24, 2019, he pled guilty to Driving While Intoxicated (a class E felony). Bacchus Decl. ¶ 6. He was sentenced to five years' probation, 240 hours of community service, and a $1,195 fine. Bacchus Decl. ¶ 6.

On January 30, 2020, ICE arrested Velesaca to initiate removal proceedings. Bacchus Decl. ¶ 7. They detained him at Orange County Jail ("OCJ") in Goshen, New York pending the outcome of his removal action. Bacchus Decl. ¶ 7. On February 24, 2020, Velesaca's initial master calendar hearing was held at the Varick Street Immigration Court. Bacchus Decl. ¶ 8. At that hearing, the Immigration Judge ultimately adjourned his removal proceedings to March 2, 2020 for Velesaca to submit papers to contest his removal. Bacchus Decl. ¶ 8. There is no clear record of what happened at Velesaca's March 2, 2020 master calendar hearing. Bacchus Decl. ¶ 9.

On or about March 2020, the World Health Organization declared COVID-19 a global pandemic. Pet. ¶ 32. At that time, the United States had over 103,000 confirmed cases and

suffered approximately 1,700 deaths from COVID-19. Pet. ¶ 32 (citing Centers for Disease
Control data). Media reports also chronicled the high risk of transmission in immigration
detention centers, prisons, and jails. Pet. ¶ 33 (citing various sources).

On March 4, 2020, the Immigration Judge denied bond at the conclusion of Velesaca's
custody hearing, to which Velesaca did not file an appeal and after which his removal
proceedings were again adjourned to March 23, 2020 to allow him time to file applications for
relief from removal. Bacchus Decl. ¶ 10. On March 23, 2020, Velesaca's counsel appeared and
informed the Immigration Judge that he would be requesting voluntary departure; the removal
proceedings were then adjourned until April 6, 2020.[3] Bacchus Decl. ¶ 11.

## II. Procedural History

On March 29, 2020, Velesaca—along with several other immigrant detainees—filed the
instant Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 in the Southern
District of New York. ECF No. 5. Velesaca alleges that ICE and OCJ failed to take adequate
precautions to protect him from the life-threatening risk of COVID-19. Pet. ¶ 34–46. He brought
substantive and procedural due process claims. Two days after filing the Petition, Velesaca filed
an application for Preliminary Injunction and Temporary Restraining Order seeking his
immediate release from custody. Bacchus Decl. ¶ 13. After careful consideration of briefing by
the parties, at an April 13, 2020 show cause hearing, this Court severed Velesaca's nine fellow
petitioners' claims from the Petition (transferring them to the District of New Jersey), granted
Velesaca's motion for preliminary injunction, and ordered his immediate release from ICE
custody. Bacchus Decl. ¶ 15. The preliminary injunction directed as follows: "Respondents are
ORDERED to immediately release [Velesaca] from custody and are enjoined from re-detaining

---

[3] There is no clear record of what happened at Velesaca's April 6, 2020 master calendar hearing to adjudicate his
voluntary departure request. Baccus Decl. ¶ 14.

him during the pendency of the pandemic. ECF No. 29. Velesaca was released from ICE custody

at OCJ on the same day. Bacchus Decl. ¶ 15.

Though this Court has resolved the preliminary injunction request, ECF No. 29,

Velesaca's habeas petition has not yet been decided. The Petition prays that this Court grant the

following relief:

1) Assume jurisdiction over this matter;

2) Enjoin Respondents from moving the Petitioner[] from the New York City area while
habeas proceedings are pending;

3) Order Respondents to immediately release Petitioner[], under any appropriate
conditions, to end the violations of their due process rights and resulting harm they are
suffering, including the risk of severe illness or death upon being infected by COVID-19
in a jail setting[4];

4) Order Respondents not to re-detain Petitioners pending the culmination of removal
proceedings against them, including all administrative or judicial appeals;

5) Award Petitioner[] costs and reasonable attorneys' fees in this action as provided for
by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statute; and

6) Grant any other and further relief that this Court deems just and proper.

Pet. ¶ 31–32. After full briefing by the parties, ECF Nos. 45–48, the Court carefully considers

the Government's motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) requires courts to dismiss a case for lack of

subject matter jurisdiction "when the district court lacks the statutory or constitutional power to

adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). When considering a

motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), the district

---

[4] Or alternatively conduct a bail hearing where Respondents must show that the "Petitioner['s] ongoing detention is
necessary and does not violate due process because Respondents have not acted with deliberate indifference towards
Petitioner['s] serious medical needs and risk of severe illness or death if exposed to COVID-19. *Id.* at n.30 (citations
omitted).

court must take all uncontroverted facts in the complaint as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011), *cert. denied*, 568 U.S. 1229 (2013). Where jurisdictional facts are at issue, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). But, "a [party] asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

## DISCUSSION

The Government contends that the Petition no longer presents a live controversy because it is based on past conditions of confinement, and that Velesaca has since been released from OCJ after this Court granted preliminary injunctive relief. Petitioner responds that, absent the preliminary injunction, Velesaca would be at risk of re-arrest and re-detention by ICE at any time, so his release does not moot the Petition. The Court concludes that the Petition is moot and should therefore be dismissed under Rule 12(b)(1).

The mootness doctrine derives from Article III of the Constitution, which "grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 90 (2013). "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (citing *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)). To avoid mootness, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7

(1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal quotation marks omitted). "[A]n 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC,* 568 U.S. at 90-91 (citing cases). "[T]he burden of showing mootness logically falls on a defendant." *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (citation omitted).

The present case is unlike the many habeas cases in this Circuit where, in general, the cessation of removal proceedings will moot a habeas petition. *Lora v. Shanahan*, 719 F. App'x 79, 80 (2d Cir. 2018) (summary order) (citing cases) (dismissing habeas appeal as moot where cancellation of removal ended any actual dispute between the parties); *Shiqi Xue v. Holder*, 354 F. App'x 596, 597–98 (2d Cir. 2009) (summary order) (citing cases) (concluding that appeal, and the underlying habeas petition, were moot where removal proceedings were no longer pending); *Edwards v. Ashcroft*, 126 F. App'x 4, 4–5 (2d Cir. 2005) (summary order) (citing cases) (finding habeas petition moot where separate Second Circuit panel had vacated petitioner's order of removal and then released him from detention). Here, there is no dispute that Velesaca's removal proceedings remain pending and that ICE could re-arrest and re-detain him: the Government has the power to re-detain Velesaca; ICE previously denied his request for discretionary release; and the Immigration Judge denied his bond application. Neither party has argued or presented evidence that removal proceedings against Velesaca have ceased. And the Government's moving papers do not contain any assurances they will not re-detain Velesaca if the preliminary injunction is lifted.

But even though removal proceedings against Velesaca are still pending and ICE could re-detain him, the Petition is nonetheless moot because there is no longer an actual controversy between the parties. This Court finds *Paul v. Decker*, No. 20 CIV. 2425 (KPF), 2021 WL

1947776 (S.D.N.Y. May 14, 2021)—an analogous case in which District Judge Katherine P.

Failla dismissed a habeas petition in connection with COVID-19 related conditions at OCJ as

moot—instructive. There, a habeas petitioner at OCJ alleged that he suffered unconstitutional

conditions during ICE detention and faced serious health risks related to the COVID-19

pandemic. Before Judge Failla had decided the request for a preliminary injunction, in which the

petitioner sought immediate release from custody, ICE "exercised its discretion and released

[the] [p]etitioner from detention on certain conditions in light of the unique circumstances

presented by the COVID-19 pandemic." *Paul v. Decker*, 2021 WL 1947776, at *2 (citing

Government's declaration). The Government also stated that they would not re-detain the

petitioner unless he violated conditions of release or experienced a change of circumstances. *Id.*

Ultimately, Judge Failla denied the petition as moot—albeit in the context of analyzing the

applicability of exceptions to mootness—because Petitioner had been released from ICE custody

and there existed no reasonable expectation that, if re-detained, he would be subjected to the

same conditions alleged in his petition nearly fourteen months later. *Id.* at *5.

Here, Velesaca has been released from ICE custody, by an injunction issued by this

Court, and there is no reasonable expectation that he would be subjected to the same conditions

alleged in his petition if re-detained. He challenges the unconstitutional conditions of

confinement in immigration detention centers, including OCJ, as they existed in March 2020. He

does not challenge immigrant detention at any place, at any time.[5] *Id.* But "[o]n this record, the

---

[5] Indeed, Petitioner's reliance on cases like *Gonzalez-Reyes v. Decker,* No. 20-cv-2639 (GHW) 2020 WL 7869549 (S.D.N.Y. Dec. 31, 2020) and *Basank v. Decker*, No. 20-cv-2518 (AT), 2020 WL 1953847 (S.D.N.Y. Apr. 23, 2020), to suggest that the likelihood of Velesaca's re-detention poses a live controversy is misguided. Those cases were decided *before* prisons and jails in New York began implementing developments in COVID-19 precautions and protocols. So, while the likelihood of re-detention would have posed an actual controversy by subjecting Velesaca to the alleged unconstitutional conditions of confinement in March 2020 (which explains why this Court granted the preliminary injunction), re-detention *now or in the future* is uncertain to create the same alleged conditions. The Court is unpersuaded that—nearly 18 months after submitting the Petition and after many developments in addressing the COVID-19 pandemic in prisons and jails across the county, that re-detention alone

Court cannot conclude that those same specific conditions will still exist if and when Petitioner were to be re-detained." *Id.* As Judge Failla noted in *Paul*, there have been "extensive and fast-moving developments related to the COVID-19 pandemic . . . and . . . attendant changes in the conditions of confinement at various facilities across the county" so "there is no reasonable expectation that Petitioner will be subject to the same conditions described in the Petition." *Id.* (footnote omitted). Indeed, judges in this district have dismissed habeas petitions alleging similar due process violations in connection with COVID-19 at OCJ because of more recent developments in handling the pandemic there. *Chacha v. Decker*, No. 20-CV-6167 (JPO), 2020 U.S. Dist. LEXIS 185797, at *6-11 (S.D.N.Y. Oct. 7, 2020); Roman v. *Decker*, No. 20 Civ. 3752 (JGK), 2020 WL 4273823, at *6 (S.D.N.Y. July 24, 2020); *United States* v. *Batista*, No. 19 Cr. 2 (JFK), 2020 WL 3249233, at *4 (S.D.N.Y. June 16, 2020). And, even if ICE re-arrested Velesaca, it is unknown where he would be detained and whether the conditions at that facility would be the same specific conditions challenged in the Petition. Bacchus Decl. ¶ 19 ("In the event that Velesaca is to be re-detained by ICE, ICE will determine the particular detention facility where he will be placed at that time based on the then-current circumstances."). Therefore, the Court concludes that the Petition is moot, as there is no reasonable expectation that the due process violations alleged will recur if Velesaca is re-detained.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is **GRANTED**. The Court's dismissal of this action as moot does not prevent Petitioner from filing another habeas petition challenging any future allegedly unconstitutional conditions of confinement should he be re-detained. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

---

would warrant granting the Petition. Petitioner provides no legal support to suggest that the Petition, based on likely re-detention so long after his immediate release, would not be academic or moot.

order would not be taken in good faith and therefore *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is hereby directed to close this case and to send to the parties appeal instructions.

**SO ORDERED.**

Dated: September 28, 2021
New York, New York

_____
The Hon. Andrew L. Carter, Jr.
United States District Judge